Harper, J.
The causes of demurrer set forth are, that no executor or administrator of John M. Ehrich is made a party to the bill; that the executrix, Peggy Africana Ehrich, admitted assets of the testator, and plaintiffs do not show that they have pursued all proper means to obtain payment of their debt from those personal assets. To so much of the bill as sets forth the decree in New York, the demurrer states that the defendants were neither parties nor privies to that decree.
By the common law, a bond creditor might bring his action against the heir at law in respect of real assets descended, and neither was bound to join nor could join the executor in the action.
And it was immaterial whether the executor had, or had not assets, the heir could not plead that the executor had assets. Com. Dig. Tit. Pleader E. 2. But lands were not liable in the hands of a devisee. • By the Stat. *2601 3 & 4 W. & M. c. 14, (P. L.) 87, called *“the statute offrauduJ lent devises,” an action was allowed against the heir and devisee jointly, on bonds and specialties. This action was of course subject to .the same rules as that against the heir alone. The executor was not to be joined, and it was immaterial whether the executor had assets. Then by the Stat. 5 Geo. 2, c. 7, lands were made liable for the satisfaction of all debts, by simple contract as well as by specialty, “ in like manner as real estates are by the law of England liable to the satisfaction of debts due by bond or other specialty.” If this were an action at law then, against the heir and devisee, it would be no objection that the executrix was not joined, or that she had assets, or that no remedy had been pursued against her; but the heir or devisee had an equity, if there were assets sufficient to satisfy the debt in the hands of the executor, to be reimbursed out of those assets. When therefore it was necessary for the creditor to come into Equity, (and suits against the heir or devisee seem to have been more common in equity than at law,) it was requisite that the executor should be made a party; not on the principle contended for in this case, that the executor is the only legal representative of the testator and the only proper person to defend an action which shall affect his estate, but on the familiar equity rule of preventing circuity of action by making all persons interested parties, so that complete justice may be done at once. Now the Court of Equity in all cases delights to do complete justice, and not by halves, as first to decree the heir to perform this covenant, and then to put the heir upon another bill against the executor to reimburse himself out of the personal assets, which, for aught that appears to the contrary, may be more than sufficient to answer the covenant ; and where the executor and heir are both brought before the Court, *203 complete justice may be done by decreeing the executor to perform this covenant so far as the personal assets will extend, the rest to be made good by the heir out of the real assets.” Knight v. Knight, 3 P. Wms. 333. The question in that case was, whether the executor could be made a party. If it were shown by the bill, however, that there were no assets in the hands of the executor, or that he had been called to account, and the remedy against him was exhausted, the reason would cease, and it would be unnecessary to make him a party.
If there were an executor or administrator in this State having assets, it would be necessary to make him a party, not on the ^ground that he is the only legal representative to . defend the estate, but' *- on the equity principle mentioned. The bill, however, shows that there is no executor or administrator, and no personal assets in the State of course no such party could be made. It shows that all the personal assets went into the hands of the executrix, Peggy Africana Ehrich, and her executors are made parties. If there had never been any proceeding whatever against the executrix or her representatives, here are all the parties that could be made. There is no analogy to our decided cases that have been relied on, as in Trescott v. Trescott, 1 M’C. Ch. 417, that before a legacy or distributive share can be pursued by creditors in the hands of the legatee or distributee, the executor must be sued to insolvency; such creditors never had any direct right of action against the legatee or distributee, and their entire equity as against them is founded on the executor’s insolvency. Notwithstanding our decisions that lands in the hands of the heir may be sold by an execution upon a judgment against the executor or administrator, (decisions which, however much we may regret them, have yet obtained too long, and too many rights have been vested under them to allow us to interfere with them,) yet I suppose an action at law might be sustained against the heir alone. There is nothing in these decisions to forbid such an action. In such action, the executor neither would nor could be joined, and it would be immaterial whether there were an executor or administrator in the State or not. Coming into equity, the creditor must conform to the rules of equity and make all necessary parties. This, it appears to me, has been done. It would be mere mockery that a formal administration should be taken out here where there are no assets, in order that such formal administrator might be made a party,
I think the ground of the demurrer is just to that part of the bill which states the decree obtained in New York, and prays the enforcement of it. The heir is not bound by a judgment against the executor or administrator, and defendants were not parties or privies to that decree. When the heir is sued he is to defend, and the cause of action must be established against him.
The bill however states sufficiently the original cause of action, and in addition to the prayer for the enforcement of the decree, contains a prayer for general relief. When a proper case is made, though the specific relief prayed for cannot be granted, yet, if there be a prayer for general relief, the proper relief will be afforded.
*When a bill is against the heir and executor, the decree is, that r*ofin the executor account for the personal assets, and that they shall *- be applied so far as they yill go, and that the heir shall make 'good the *204 deficiency. The executors of the executrix are out of the jurisdiction, and a decree against them would probably be ineffectual. I do not say that the plaintiffs may not be required to institute further proceedings in New York, calling those executors to account, before a decree will be made in their favor against the defendants ; but this has nothing to do with the questions made on the demurrer, and it would be premature to consider that matter now.
By the Stat. 3 & 4 W. & M. the action is allowed against the heir and devisee jointly. The heir at law of John M. Ehrich is not a party to this bill, and a question may arise whether the bill can be sustained without making him a party. This, however, is not a ground of demurrer, nor is the question made. The demurrer is sustained to that part of the bill which states the decree obtained in New York, and prays the enforcement of it. In other words it is overruled, and the Chancellor’s decree affirmed.
Johnson, J., and O’Neall, J., concurred.